IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr247

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| JOHNNY STEWART | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of
sentence based on retroactive amendments to the United States Sentencing Guidelines relating to
crack cocaine offenses (Doc. No. 22), and the government's response (Doc. No. 28).

The defendant pled guilty to possessing cocaine base with intent to distribute. (Doc. No.
18: Judgment at 1).  At sentencing, the Court determined that the amount of crack cocaine
reasonably foreseeable to the defendant was at least 5 but fewer than 20 grams. (Doc. No. 19:
Statement of Reasons (SOR) at 1; Presentence Report (PSR) at ¶ 15).  The resulting offense level
of 26 was increased by 2 for possessing firearms in the offense (PSR at ¶ 16), and reduced by 3
for acceptance of responsibility (PSR at ¶ 22).  Combined with a criminal history category of V,
the resulting advisory guideline range was 100-125 months. (Doc. No. 19: SOR at 1).  The Court
sentenced the defendant to 100 months' imprisonment, the low end of the range. (Doc. No. 18:
Judgment at 1).

The defendant moves to reduce his sentence based on retroactive amendments to the
guidelines relating to crack cocaine offenses. (Doc. No. 22).  As amended, USSG §1B1.10(b)(1)
directs courts to determine the guideline range as if the amendments had been in place at the time
of sentencing.  The amended offense level for possessing at least 5 but fewer than 20 grams of

cocaine base is 24. USSG Supp. to Appx. C., Amend. 706 (2007). The addition of 2 levels for offense characteristics and the subtraction of three levels for acceptance of responsibility, results in a total offense level of 23. The amended guideline range, given a criminal history category of V, is 84-105 months. The defendant and the government recommend imposing an 84-month sentence, the low end of the amended range. (Doc. No. 22: Motion at 5; Doc. No. 28: Response at ¶ 9). The Bureau of Prisons has credited the defendant with serving approximately 51 months' incarceration. (Doc. No. 26: PSR Supplement at 1).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** and the defendant's sentence is reduced to 84 months' imprisonment.

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office, the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Office, as a condition of supervised release. All other terms and conditions previously imposed remain unchanged.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: August 20, 2008

Robert J. Conrad, Jr.
Chief United States District Judge